| | | |
|---|---|---|
| JOSEPH STEELE, | ) | |
|     **Plaintiff** | ) | |
| | ) | **C.A.No. 07-271 Erie** |
| vs. | ) | |
| | ) | **District Judge McLaughlin** |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| et al., | ) | **Chief Magistrate Judge Baxter** |
|     **Defendants** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I      RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 30] be granted. The Clerk of Courts should be directed to close this case.

**II     REPORT**

    **A.     Relevant Procedural History**

Plaintiff, a state prisoner currently incarcerated at the SCI-Mercer, brought this civil rights action under 42 U.S.C. § 1983.[1] Plaintiff brings this case of behalf of himself and his daughter, Sarah Steele.[2] Named as Defendants are: the Pennsylvania Department of

---

[1] Originally, Plaintiff brought claims under the United Nations Declaration of Human Rights and 42 U.S.C. § 1985(3), but he has since explicitly withdrawn them. See Document # 33, pages 1-2.

[2] Generally, a litigant must assert only his own legal rights and interests, and he may not rest a claim to relief on the legal rights of third parties. Powers v. Ohio, 499 U.S. 400 (1991). However, the Supreme Court has "recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the

Corrections; Robert Greaves, Community Corrections Counselor; John Hanna, James Wright, Robert Belcik, Thomas Rogosky, Paul O'Conner and Marsha Combine, all directors of the Bureau of Community Corrections; Frederick Frank, Deputy Superintendent of SCI-Cresson; Jeffrey Beard, Secretary of Corrections; and Raymond Heinle, Criminal Investigator of the Office of Professional Responsibility. Plaintiff seeks monetary, declaratory and injunctive relief. Document # 6.

Generally, Plaintiff alleges that Defendants have interfered with his relationship with his minor daughter, Sarah Steele. Plaintiff claims that his constitutional rights have been violated because Defendant Greaves allegedly interfered with his relationship with his daughter beginning in September of 2001. Plaintiff alleges that the remaining Defendants, all of whom are Department of Corrections employees, injured him by failing to remedy the situation caused by Defendant Greaves. Id.

Defendants have filed a motion to dismiss (Document # 30) and Plaintiff has filed an Opposition Brief (Document # 33). Both parties have further supplemented their briefs. Documents ## 34, 35. The issues are fully briefed and this motion is ripe for disposition by this Court.


B.     **Standards of Review**

1.     *Pro Se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor

---

issue in dispute; the litigant must have a close relationship to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests. Id. at 410-411. See also Breyer v. Meissner, 214 F.3d 416, 423 (3d Cir. 2000) (summarizing that "[O]ne who wishes to assert a third party's rights must demonstrate "injury in fact," a close relationship to the third party, and a hindrance to the third party asserting its own rights.").

2

syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.     Motion to dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).

The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief."  Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3d Cir. Feb. 5, 2008).  "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 2008 WL 305025, at *6 quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3.      Motion for summary judgment pursuant to Rule 56

Because the parties have submitted exhibits in support of their respective filings, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment.");  Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.    The Allegations of the Amended Complaint

Plaintiff alleges that around September of 2001, Defendant Greaves, an employee of the Department of Corrections' Community Corrections Center, entered into a romantic relationship with Plaintiff's ex-wife Christine. Document # 6, 7. Thereafter, Defendant Greaves allegedly described to Sarah Steele, Plaintiff's daughter, the graphic nature of Plaintiff's crimes (a sexual offense against another daughter) for the "express purpose of convincing her to resent and hate her father." Id. at 7. On October 4, 2001, Defendant Greaves

> "from his office of the Department of Corrections at the Community corrections Center in Erie, Pennsylvania, contacted Plaintiff's Unit manager at SCI-Cresson [...] and told her that the Plaintiff was to never contact his ex-wife and child again. This was done for the express purpose of ordering, directly or indirectly, the Plaintiff to cease any and all contact with his child."

Id. at 6-7. On October 23, 2001, Defendant Greaves instructed Sarah to write Plaintiff a letter ending all contact with him. Id.

On July 11, 2005, Defendant Greaves filed a "separation order" against Plaintiff preventing Plaintiff from ever paroling to the Erie Community Corrections Center. Id.

In April of 2006, Sarah Steele allegedly told the Plaintiff's brother that she wanted to visit her father in prison. Id. Next, Plaintiff alleges that "Plaintiff was told that only Mr. Greaves would bring her to visit which would violate the separation order. Shortly thereafter, Sarah Steele was prevented from contact with her father by Mr. Greaves." Id.

In May of 2007, Sarah Steele again expressed a desire to visit her father in prison. Id.

6

On May 22, 2007, Plaintiff found a copy of the Department of Corrections' Code of Ethics for staff members and began grievance proceedings on this issue. Id. at 8.

Plaintiff alleges that "Greaves enticed and manipulated Sarah Steele directly and through her mother to despise the Plaintiff, which created such enormous conflict within Sarah Steele, given the fact that for years she was permitted and encouraged to maintain a relationship with Plaintiff." Id. Plaintiff alleges that all other Defendants failed to enforce the provisions of the Code of Ethics against Defendant Greaves. Id. at 8-12.

### D.    Statute of Limitations

Defendants move to dismiss this action because it is barred by the statute of limitations.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations[3]. Wilson v. Garcia, 471 U.S. 261, 266 (1985) (later overruled only as to claims under the Security Exchange Act of 1934). In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See Garvin v. City of Philadelpia, 354 F.3d 215, 220 (3d Cir. (Pa.) 2003); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996).

The date upon which a § 1983 claim accrues is a matter of federal law. Albright v.

---

[3]  The statute of limitations

... are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights. *Crown, Cork & Seal Company v. Parker*, 462 U.S. 345, 352 (1983). Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). The Supreme Court has recognized that statutes of limitations are not "simply technicalities," but rather, "fundamental to a well-ordered judicial system." *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 487 (1980).

United States v. Richardson, 889 F.2d 37, 40 (3d Cir.1989).

Oliver, 510 U.S. 266, 280 n.6 (1994). A claim accrues when the litigant knew or had reason to know of the injury. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.1998). Thus, the date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, triggers the limitations period. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period).

Here, Plaintiff alleges that Defendant Greaves interfered with his relationship with his daughter in September of 2001 by graphically describing the nature of his crimes to her and then in October of 2001 by instructing her to write the letter severing contact with him. To be timely, Plaintiff would have needed to file his complaint by September/October of 2003. This challenged conduct is well beyond the statute of limitations and therefore, the claim is barred.

Even if this Court were to assume that the July 11, 2005 entry of the separation order by Defendant Greaves is the appropriate accrual date, Plaintiff would have needed to file his complaint before July 11, 2007. Again, the statute of limitations bars the claim as Plaintiff did not file the complaint until October 9, 2007.

Plaintiff argues that his claim did not accrue until he happened upon the Department of Corrections' Code of Ethics on May 22, 2007 and realized that Defendant Greaves' actions violated Department of Corrections policy.[4] However, Plaintiff's argument is contrary to law. Even if Plaintiff did not know that Greaves' actions violated the Department of Corrections policy until May of 2007, this is not the date of accrual of the claim. Instead, under the law, it is the fact of the injury (here, the severance of Plaintiff's relationship with his daughter) and its causal connection to Defendant that triggers the running of the limitations period. Delaware State College. Plaintiff's own grievance dated October of 2001 indicates that he knew both of Defendant Greaves' actions and his own injury.

_____

[4] Plaintiff's averment in this regard is somewhat disingenuous in that Plaintiff's initial grievance dated October 9, 2001, complains that Defendant Greaves' actions are unethical and inconsistent with Department of Corrections policy. Document # 33, Plaintiff's Opposition Brief, page 50.

### E. The Continuing Violation Doctrine

In an effort to save his case from the statute of limitations bar, Plaintiff argues that Defendants' actions constitute a continuing violation and the statute of limitations should be equitably tolled.

"The continuing violation doctrine [...] is an 'equitable exception to the timely filing requirement.'" Voices for Independence (VFI) v. Pennsylvania Dept. of Transp., 2007 WL 2905887, at * 4 (W.D.Pa.) quoting Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001). "The application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice or pattern of conduct in which he engaged both without and within the limitations period." McAleese v. Brennan, 483 F.3d 206, 218 (3d Cir. 2007) citing West v. Philadelphia Elec. Comp., 45 F.3d 744, 754 (3d Cir.1995). In other words, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. Of Carpenters and Joiners of America, 927 F.2d 1283, 1295 (3d Cir. 1991). See also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

In Cowell, the Third Circuit noted that "the focus of the continuing violations doctrine is on the affirmative acts of the defendants" (id. at 293, citing Delaware State College, 449 U.S. at 258), and set forth three factors that must be considered in applying the doctrine of continuing violation to equitably toll the statute of limitations :

> 1) subject matter - whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation;
>
> 2) frequency - whether the acts are recurring or more in the nature of isolated incidences; and
>
> 3) degree of permanence - whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

Id. at 292.[5]   See also Lipschultz v. Logan Assistance Corp., 50 Fed.Appx. 528, 2002 WL 31357636 (3d Cir. 2002).

Plaintiff fails to meet the test for the application of the continuing violations doctrine because the continuing violations doctrine does not apply when the plaintiff is aware of the injury at the time of occurrence.  Seawright v. Greenberg, 233 Fed. Appx. 145, 2007 WL 1170704, at *3 (3d. Cir. (Pa.)) quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n.6 (3d Cir. 2003).  Here, it is clear from Plaintiff's own grievance filed in October of 2001 that Plaintiff was fully aware of his injuries (i.e., the disruption of his ongoing relationship with his daughter Sarah).  See Document # 33, page 50.

Accordingly, the motion for summary judgment should be granted in favor of Defendant Greaves.

### F.      *Respondeat Superior*

Next, Defendants argue that the remaining Defendants should be dismissed from this action because Plaintiff has not sufficiently alleged their personal involvement.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.  Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).   Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct."  Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207).  Section 1983 liability cannot be predicated solely on *respondeat*

---

[5] The continuing violations doctrine is most typically applied in the context of employment discrimination claims.  See generally Morgan, 536 U.S. 101.

*superior*.  Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff makes allegations based solely on a theory of supervisory liability against Defendants Hannah, Belcik, Rogosky, Frank, Combine, O'Connor and Beard.  Some personal involvement of the supervising official must be alleged.  Rode, 845 F.2d at 1207.  Supervisory liability for § 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n. 3 (3d Cir. 1995). Here, the complaint specifically alleges supervisory liability as to Defendants Hannah, Belcik, Rogosky and Frank for their failure in 2001 to supervise Greaves.  Document # 6-3, pages 8-11. A supervising public official has no affirmative duty to supervise and discipline his or her subordinates so as to prevent violations of constitutional rights.  Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, Section 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989). However, at a minimum such liability may be imposed "only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id.

In this case, Plaintiff's allegations against Hannah, Belcik, Rogosky, Frank, Combine, O'Connor and Beard are based on classic *respondeat superior* claims, i.e., Steele alleges only

that they are responsible generally for the overall operation of the facility at which the alleged misconduct occurred. This is insufficient to state a civil rights claim against these Defendants. Rode, 845 F.2d at 1207.[6]

As to Defendant James Wright, the Director of the Erie C.C.C. in May of 2007, Plaintiff alleges that Wright was a "direct supervisor of Robert Greaves" and that Wright "failed to fulfill his governmental duties by enforcing the code of ethics [against Greaves] and protect the rights of both plaintiffs." Document # 6-3, p. 8. Again, this allegation is insufficient to state a civil rights claim against him.

Accordingly, the motion to dismiss should be granted in this regard as to Defendants Hanna, Wright, Belcik, Rogosky, O'Conner, Frank, Beard, Heinle, and Combine.


### G. Eleventh Amendment Immunity

The Pennsylvania Department of Corrections should be dismissed from this action based upon the immunity granted by the Eleventh Amendment.

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)). Neither of these is evidenced here. Accordingly, the Pennsylvania Department of Corrections should be dismissed from this action.

---

[6] Additionally, even if liability attached to these Defendants, the complained of conduct took place in October of 2001, therefore, claims brought against them in October of 2007 are barred by the applicable statute of limitations.

**III      CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 30] be granted.   The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187(3d Cir.  2007).

<div style="margin-left:50%">

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

</div>

Dated: December 4, 2008